UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUISE CHAPPLE, | Case No. 2:24-cv-01939-TLN-CSK |
| Plaintiff, | ORDER GRANTING STIPULATED PROTECTIVE ORDER |
| v. | (ECF No. 24) |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

The Court has reviewed the parties' stipulated protective order below (ECF No. 24), and finds it comports with the relevant authorities and the Court's Local Rule. *See* L.R. 141.1. The Court APPROVES the protective order, subject to the following clarification.

The Court's Local Rules indicate that once an action is closed, it "will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f); *see Bylin Heating Sys., Inc. v. Thermal Techs., Inc.*, 2012 WL 13237584, at *2 (E.D. Cal. Oct. 29, 2012) (noting that courts in the district generally do not retain jurisdiction for disputes concerning protective orders after closure of the case). Thus, the Court will not retain jurisdiction over this protective order once the case is closed.

Dated:  March 10, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, chapp1939.24

1

1

**P O R T E R | S C O T T**

2
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494

3
cfessenden@porterscott.com
Cruz Rocha, SBN 279293

4
crocha@porterscott.com
2180 Harvard Street, Suite 500

5
Sacramento, California 95815
TEL: 916.929.1481

6
FAX: 916.927.3706

7

8
Attorney for Defendants
COUNTY OF SACRAMENTO, SACRAMENTO COUNT SHERIFF'S DEPARTMENT, JIM
COOPER, and NATHANIEL DAVIS

9
*Exempt from Filing Fees Pursuant to Government Code § 6103*

10

11
UNITED STATES DISTRICT COURT

12
EASTERN DISTRICT OF CALIFORNIA

13
MARQUISE CHAPPLE,                          CASE NO.  2:24-cv-1939-TLN-CSK

14
                Plaintiff,                 ~~[PROPOSED]~~ **STIPULATED PROTECTIVE**

15
                                           **ORDER RE: PERSONNEL FILES**
v.

16

17
COUNTY OF SACRAMENTO,                      Complaint Filed:  7/16/2024
SACRAMENTO SHERIFF'S

18
DEPARTMENT, JIM COOPER, and
NATHANIEL DAVIS,

19

20
                Defendants.
_____/

21

22
                    **STIPULATED PROTECTIVE ORDER**

23
**A.    PURPOSE AND LIMITATION**

24
        Defendants believe that the disclosure and discovery activity concerning the materials described

25
in this stipulated protective order is likely to involve production of information for which protection from

26
public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

27
Plaintiff has not been permitted to view the materials described in this stipulated protective order. The

28
parties acknowledge that this protective order does not confer blanket protections on all disclosures or

2

discovery activity, and that the protection it affords extends only to the limited information or items that are entitled to such protection under Federal Rule of Civil Procedure 26(c). The parties further acknowledge that this stipulated protective order does not entitle any party to file information designated as protected or confidential under seal, where Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

**B.    DEFINITIONS**

The following definitions shall apply to this Protective Order:

1.    The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2.    "Documents" or "Confidential Documents" shall mean the documents that Defendants designate as "Confidential" and described in section C.

3.    "Confidential" shall mean information designated "Confidential" pursuant to this stipulated protective order. Information designated "Confidential" shall be information that is determined in good faith by the attorneys representing the designating party to be subject to protection pursuant to Federal Rule of Civil Procedure 26(c). Confidential documents, material, and/or information shall be used solely for purposes of litigation. Confidential information shall not be used by the non-designating party for any business or other purpose, unless agreed to in writing by all parties to this action or as authorized by further order of the Court.

4.    "Defendants" shall mean COUNTY OF SACRAMENTO, SACRAMENTO SHERIFF'S DEPARTMENT, JIM COOPER, and NATHANIEL DAVIS.

5.    "Plaintiff" shall mean MARQUISE CHAPPLE.

6.    "Parties" shall mean Plaintiff and Defendants, identified above.

**C.    INFORMATION COVERED**

<u>Covered Information</u>:

Pursuant to Local Rule 141.1(c)(1), a description of the information eligible for protection under this stipulated protective order is limited to the following:

**[PROPOSED] STIPULATED PROTECTIVE ORDER RE: PERSONNEL FILES**
4891-6966-7285, v. 1

1.     Personnel files of Defendant NATHANIEL DAVIS, including any documents related to investigation of conduct, complaints or investigations or complaints, and imposition of discipline.

2.     The declaration of Defendant NATHANIEL DAVIS declaring his financial net worth.

<u>Particularized Need for Protection</u>:

Pursuant to Local Rule 141.1(c)(2), Defendants assert that there exists a specific, particularized need for protection as to the information covered by this stipulated protective order. Defendants represent to the Court and Plaintiff that the materials designated to be covered by this stipulated protective order are limited solely to those which would qualify for protection under Federal Rule of Civil Procedure 26(c), and does not include information designated on a blanket or indiscriminate basis. *See*, *e.g.*, *In Re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011).

<u>Showing of Need for a Protective Order</u>:

Pursuant to Local Rule 141.1(c)(3), protection afforded by this stipulated protective order is for the convenience of Defendants and the Court. Defendants seek to avoid litigation and expenditure of resources concerning a potential motion for protective order pursuant to Federal Rule of Civil Procedure 26(c). The entry of this stipulated protective order may prevent the parties and the Court from conducting the usual document-by-document analysis necessary to obtain protection, in favor of a procedure whereby presumptive protection is afforded based on Defendants' good faith representations of the need for protection. *See*, *e.g.*, *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986). As a result, production may be made with this stipulated protective order in place and, if necessary, it will permit discrete and narrowed challenges to documents designated for protection.

**D.     TERMS OF THE PROTECTIVE ORDER**

Confidential Documents subject to protection may be designated as "Confidential" and produced subject to this stipulated protective order:

1.     The Confidential documents shall be used solely in connection with the above-captioned civil case, and in the preparation and trial of the case. The terms of this stipulated protective order do not apply to documents produced by Defendants in other cases or matters. The parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

2.      The parties will designate the Confidential documents as confidential by affixing a mark labelling them "Confidential."

3.      The Confidential documents may only be disclosed to the following persons:

a.      Plaintiff and Mark E. Merin and Paul H. Masuhara of the Law Office of Mark E. Merin, and any partners and associates in that office;

b.      Defendants and Carl L. Fessenden and Cruz Rocha of Porter Scott, and any partners and associates in that office;

c.      Paralegal, clerical, and secretarial personnel or support staff regularly employed by counsel referred to in subparts (a) and (b) immediately above, including stenographic deposition reporters or videographers retained in connection with this action;

d.      Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

e.      Any expert, consultant, or investigator retained in connection with this action; however, such persons must be advised of and abide by this protective order;

f.      The finder of facts at the time of trial, subject to the court's rulings on *in limine* motions and objections of counsel; and

g.      Witnesses during their depositions in this action. If confidential documents are used in the deposition, the documents must be identified as "Confidential" and the portion of the deposition in which the documents are described should also be considered confidential.

4.      Information covered by this stipulated protective order does not automatically entitle the parties to file such information or documents with the Court under seal. Any request to seal documents is governed by Local Rule 141. If the Confidential documents are filed with any motion or other pleading, a party may seek permission from the Court to file the Confidential Documents under seal according to Local Rule 141. If permission is granted, the Confidential documents will be filed and served in accordance with Local Rule 141.

5.      The designation of the Confidential documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the Confidential documents or information contained therein.

**[PROPOSED] STIPULATED PROTECTIVE ORDER RE: PERSONNEL FILES**
4891-6966-7285, v. 1

6.      Any party or non-party may challenge a Confidential designation at any time. A party or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The challenging party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in person or voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of service of notice. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the designating party is unwilling to participate in the meet and confer process in a timely manner. If the parties cannot resolve a challenge without Court intervention, the designating party shall file and serve a motion for protective order/to retain confidentiality pursuant Federal Rule of Civil Procedure 26(c) and Local Rule 251 within twenty-one (21) days of the initial notice of challenge or within seven (7) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the designating party to make such a motion within twenty-one (21) days (or seven (7) days, if applicable) shall automatically waive the "Confidential" designation for each challenged designation. In addition, the challenging party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so. The burden of persuasion in any such challenge proceeding shall be on the designating party, consistent with Federal Rule of Civil Procedure 26(c). Unless the designating party has waived the confidentiality designation by failing to file a motion for protective order/to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the designating party's designation until the Court rules on the challenge.

7.      Should the Confidential documents or any information contained therein be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this stipulated protective order, the disclosing person(s) shall promptly (a) inform counsel for the Defendants of the

**[PROPOSED] STIPULATED PROTECTIVE ORDER RE: PERSONNEL FILES**

4891-6966-7285, v. 1

1   recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and

2   (b) use best efforts to bind the recipient(s) to the terms of this stipulated protective order.

3        8.     The Confidential documents shall not lose its confidential status because it was

4   inadvertently or unintentionally disclosed to a person not authorized to receive it under this stipulated

5   protective order.

6        9.     The protections conferred by this stipulated protective order cover the information defined

7   above, as well as any information copied from the materials. However, the protections conferred by this

8   stipulated protective order do not cover: (A) any information that is in the public domain at the time of

9   disclosure or which subsequently becomes part of the public domain after its disclosure, including

10  becoming part of the public record through trial or otherwise; and (B) any information known prior to the

11  disclosure or obtained after the disclosure from a source who obtained the information lawfully and under

12  no obligation of confidentiality.

13       10.    All Confidential documents covered by this Order will continue to be confidential if it

14  remains the proper subject of a protective order under Federal Rule of Civil Procedure 16(c), including

15  after this litigation concludes.  However, if the documents subject to this stipulated protective order are

16  used or produced in another proceeding in which Defendant NATHANIEL DAVIS is a named defendant

17  or involves the officer-involved shooting of Plaintiff MARQUISE CHAPPLE, this stipulated protective

18  order shall not apply in that matter. Nothing in this stipulated protective order shall be construed as a

19  waiver of any claim of confidentiality or the right of the Defendants to assert the documents in the other

20  matter are subject to this stipulated protective order.  Notwithstanding, as to any documents produced in

21  this case under this stipulated protective order, within 90 days after this litigation concludes by settlement,

22  final judgment, or final order, including all appeals, all documents designated as containing Confidential

23  Information, including copies as defined above, must be returned to the party who previously produced

24  the document unless: (1) the document has been offered into evidence or filed without restriction as to

25  disclosure; (2) the document is destroyed to the extent practicable in lieu of return; or (3) as to documents

26  bearing the notations, summations, or other mental impressions of the receiving party, that party elects to

27  destroy the documents and certifies to the producing party that it has done so. All confidential documents

28  or information that is subject to this protective order shall be returned or destroyed upon the conclusion

**[PROPOSED] STIPULATED PROTECTIVE ORDER RE: PERSONNEL FILES**

4891-6966-7285, v. 1

of this litigation, either through the settlement of the case, the dismissal of the case or the entry of a Final Order (i.e., an Order not subject to further appeal). Nothing in this section requires a party, its counsel, or consultants to delete discovery material which may reside on one or more backup tapes or other media maintained for purposes of disaster recovery, business continuity, or other reasons, except that the parties agree that all such Confidential documents will continue to be confidential under this Order.

11.    After the conclusion of this litigation, the Confidential documents will remain confidential. "Conclusion" of this litigation means a termination of the case following a trial, settlement, or dismissal of the action with prejudice for any other reason.

12.    This stipulated protective order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this stipulated protective order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. Upon termination of this litigation, the parties agree the stipulated protective order shall continue in force as a private agreement between the parties.

13.    The parties may request additional records to be subject to this stipulated protective order. If a party believes a document to be produced should be subject to this stipulated protective order, the parties must meet and confer. If there is agreement, the parties shall submit an amendment to this stipulated protective order to identify the additional documents. If the parties cannot agree, the party seeking protection shall file a motion for protective order pursuant to the terms of Local Rule 251.

14.    During the pendency of this lawsuit, the Court may (a) make such amendments, modifications, and/or additions to this stipulated protective order as deemed appropriate upon good cause shown; and (b) adjudicate any dispute arising under it.

IT IS SO STIPULATED.

Dated:  March 6, 2025                              PORTER SCOTT
                                                  A PROFESSIONAL CORPORATION

                                                  By /s/Cruz Rocha_____  _____
                                                       Carl L. Fessenden
                                                       Cruz Rocha
                                                       Attorneys for Defendants COUNTY OF
                                                       SACRAMENTO, SACRAMENTO
                                                       COUNTY SHERIFF'S DEPARTMENT,
                                                       JIM COOPER, and NATHANIEL DAVIS

8

**[PROPOSED] STIPULATED PROTECTIVE ORDER RE: PERSONNEL FILES**

Dated:  March 6, 2025                    LAW OFFICE OF MARK E. MERIN


                                         By  /s/Mark E. Merin (Authorized on 3/6/25)
                                             Mark E. Merin
                                             Paul H. Masuhara
                                             Attorneys for Plaintiff
                                             MARQUISE CHAPPLE

9

**[PROPOSED] STIPULATED PROTECTIVE ORDER RE: PERSONNEL FILES**